11-3980
Radoncic v. Barr

BIA
A073 033 467

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand nineteen.

PRESENT:
   DENNIS JACOBS,
   DEBRA ANN LIVINGSTON,
   RICHARD J. SULLIVAN,
      *Circuit Judges.*

_____

HAJRAN RADONCIC,
      *Petitioner,*

   v.                                          11-3980
                                               NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:          Charles Christophe, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Briena L.
                         Strippoli, Senior Litigation
                         Counsel; Matthew B. George, Trial
                         Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hajran Radoncic, a native of the former Yugoslavia and citizen of Montenegro, seeks review of a September 13, 2011, decision of the BIA denying his motion to reopen his removal proceedings. *In re Hajran Radoncic,* No. A073 033 467 (B.I.A. Sept. 13, 2011). We assume the parties' familiarity with the underlying facts, procedural history in this case, and issues on appeal.

We review the BIA's denial of a motion to reopen for abuse of discretion but review any finding regarding changed country conditions for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). Radoncic does not dispute that his motion to reopen filed in 2011 was untimely because the BIA affirmed his removal order in 2002. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (90-day deadline for filing motion to reopen); 8 C.F.R. § 1003.2(c)(2) (same). However, the time limitation for filing a motion to reopen does not apply if reopening is sought to apply for asylum and the motion is "based on changed country conditions arising in the country of nationality or the country to which removal

2

has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not abuse its discretion in denying reopening. Radoncic's motion to reopen did not identify specific grounds for his fear of persecution but referenced his original asylum application, in which he alleged past persecution and a fear of future persecution on account of his Albanian ethnicity, Muslim religion, anti-communist beliefs, and refusal to serve in the army. Although the new articles submitted by Radoncic with his motion vaguely described human rights violations, discrimination, politically motivated violence, and organized crime in Montenegro, they did not pertain to the grounds he alleged as the basis for his fear, nor did they offer a basis for determining if circumstances had changed. Accordingly, Radoncic's new evidence was not material. *See Lecaj v. Holder*, 616 F.3d 111, 117 (2d Cir. 2010) (noting that evidence reflecting "ongoing police abuses" in Montenegro was irrelevant where evidence did not "link those abuses" to the grounds for the asylum claim).

Moreover, the BIA acted within its discretion in

3

concluding that Radoncic failed to address, and the evidence failed to rebut, the adverse credibility determination underlying the denial of his original asylum application. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (holding that the BIA properly denied the petitioner's motion to reopen where its order "clearly explained that the evidence submitted by petitioner in support of her motion was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application").

The BIA therefore did not abuse its discretion by denying the motion as untimely because Radoncic failed to satisfy the only available exception to the limitations period. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). As such, contrary to his argument, the BIA was not required to address his prima facie eligibility for asylum relief. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (observing that the agency may deny an untimely motion to reopen for failure to demonstrate material change in conditions or prima facie eligibility for the substantive relief sought); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court